1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                              * * *
                                               )
9   MARGARET LAMY,                             )
                                               )
10          Plaintiff,                         )        2:09-cv-1890-LRH-RJJ
                                               )
11   v.                                        )
                                               )        ORDER
12   UNITED PARCEL SERVICE, INC.; and          )
     DOE EMPLOYEE,                             )
13                                             )
            Defendants.                        )
14

15
          Before the court is plaintiff Margaret Lamy's ("Lamy") motion to remand filed on October
16
    13, 2009. Doc. #6[1]. Defendant United Parcel Service, Inc. ("UPS") filed a response on October 26,
17
    2009. Doc. #7. Thereafter, Lamy filed a reply on November 3, 2009. Doc. #9.
18
    **I.      Facts and Procedural History**
19
          On February 26, 2008, Lamy was at her residence when she heard a knock on the door.
20
    When she opened her door she noticed a UPS driver walking away from her residence and into a
21
    UPS vehicle. Lamy did not see a package on her doorstep and stepped outside to look around. She
22
    subsequently slipped and fell on the package left inconspicuously under her door mat. As a result of
23
    her fall, Lamy suffered a broken ankle.
24
          On September 2, 2009, Lamy filed a complaint against UPS and the unknown DOE
25

26
    _____
    [1] Refers to the court's docket entry number.

1   employee. UPS removed the action to federal court on diversity jurisdiction grounds on September

2   28, 2009. Doc. #1. Thereafter, Lamy filed the present motion to remand. Doc. #6.

3   **II.       Discussion**

4   **Motion to Remand**

5          Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

6   courts of the United States have original jurisdiction, may be removed by the defendant or the

7   defendants, to the district court of the United States for the district and division embracing the

8   place where such action is pending." 28 U.S.C. § 1441(a).

9          Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.

10  § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal

11  statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*

12  *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

13  (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against

14  removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;

15  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

16         Here, Lamy argues that there is no diversity jurisdiction because the DOE defendant, the

17  unknown UPS driver, is domiciled in Nevada, and therefore, once his name is known and Lamy

18  substitute's him in as a defendant, there will not be complete diversity. *See* 28 U.S.C. § 1441(b) (an

19  action is removable only if none of the defendants is a citizen of the state in which the action is

20  brought).

21         However, for purposes of removal, the citizenship of defendants sued under fictitious names

22  is disregarded and only the citizenship of named defendants is examined. 28 U.S.C. § 1441(a); *see*

23  *also Newcombe v. Adolf Coors Company*, 157 f.3d 686, 690 (9th Cir. 1998). Here, non-resident

24  UPS is the only non-fictitious defendant. Therefore, only UPS' residency is determinative of

25  diversity jurisdiction. Accordingly, removal on diversity jurisdiction grounds was proper.

26

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #6) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of December, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3