UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARGARET LAMY,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.; and
DOE EMPLOYEE,

    Defendants.

2:09-cv-01890-LRH-RJJ

ORDER

    Before the court is plaintiff Margaret Lamy's ("Lamy") second motion to remand filed on February 18, 2010. Doc. #20[1]. Defendant United Parcel Service, Inc. ("UPS") filed a response on March 5, 2010. Doc. #29.

**I.    Facts and Procedural History**

    On February 26, 2008, Lamy was at her residence when she heard a knock on the door. When she opened her door she noticed a UPS driver walking away from her residence and into a UPS vehicle. Lamy did not see a package on her doorstep and stepped outside to look around. She subsequently slipped and fell on the package left inconspicuously under her door mat. As a result of her fall, Lamy suffered a broken ankle.

    On September 2, 2009, Lamy filed a complaint against UPS and the unknown DOE

---

[1] Refers to the court's docket entry number.

employee. UPS removed the action to federal court on diversity jurisdiction grounds on September 28, 2009. Doc. #1.

Lamy filed an initial motion to remand arguing that UPS's removal was improper because the unknown DOE employee was a Nevada citizen. Doc. #6. The court denied the motion holding that "for purposes of removal, the citizenship of defendants sued under fictitious names is disregarded and only the citizenship of named defendants is examined." Doc. #13. Because UPS, the only named defendant, was diverse, removal was proper. *Id*.

During discovery, Lamy identified Bryan Bledsoe ("Bledsoe"), a Nevada resident, as the UPS employee who delivered the package. Lamy amended her complaint to add Bledsoe as a defendant. Doc. #17. Thereafter, Lamy filed the present motion to remand. Doc.#20.

**II.    Discussion**

**Motion to Remand**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Here, Lamy argues that there is no diversity because defendant Bledsoe is domiciled in Nevada. *See* 28 U.S.C. § 1441(b) (an action is removable only if none of the defendants is a citizen

2

of the state in which the action is brought). However, for purposes of removal, the citizenship of defendants is determined at the commencement of the action. 28 U.S.C. § 1441(a); *see also Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986). At the time the action was filed, only UPS was a defendant to the action. Therefore, only UPS's residency is determinative.

Additionally, a matter may be removed provided that "none of the parties in interest properly joined and *served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Here, although Bledsoe was joined as a defendant, he has not yet been served with the complaint and summons. The only properly joined and served defendant is UPS. Accordingly, removal on diversity jurisdiction grounds was proper.

IT IS THEREFORE ORDERED that plaintiff's second motion to remand (Doc. #20) is DENIED.

IT IS SO ORDERED.

DATED this 26th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE